UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRENDAN MacWADE, ANDREW SCHONEBAUM, JOSEPH GEHRING, JR, PARTHA BANERJEE, and NORMAN MURPHY,

            Plaintiffs,

-against-

RAYMOND KELLY, Commissioner of the New York City Police Department, and THE CITY OF NEW YORK,

            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND RAYMOND KELLY**

05 Civ. 6921 (RMB)(FM)

    Defendants City of New York and Raymond Kelly, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

    1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein and admit that the New York City Police Department ("NYPD") announced it would continue its subway search program indefinitely.

    2.  Deny the allegations set forth in paragraph "2" of the complaint and respectfully refer the Court to the NYPD Finest Message, Serial Number 023479, for the terms and conditions of the container inspection program.

    3.  Deny the allegations set forth in paragraph "3" of the complaint and respectfully refer the Court to the NYPD Finest Message, Serial Number 023479, for the terms and conditions of the container inspection program ("Inspection Program").

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint, except state that the allegations that "[t]he constitutional right of people not suspected of any wrongdoing to be free from police searches is one of the most fundamental protections of our free society" are conclusions of law rather than averments of fact to which no response is required, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that the plaintiffs have no objection to the Department conducting appropriate searches and admit that the NYPD uses many tools and strategies to respond to concerns about terrorism.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiffs purports to bring this action as stated therein.

7. Admit the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Admit the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Admit the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint that "according to published reports," Commissioner Kelly personally made the decision to implement the NYPD's subway search policy, and admit the allegations that Raymond Kelly is the Commissioner of the New York City Police Department and admit that the New York City Police Department has its headquarters at 1 Police Plaza in Manhattan, and admit that plaintiff purports to sue Commissioner Kelly for the relief.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that the New York City subway system is used by millions of people.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that many people carry purses, handbags, briefcases, bookbags, gym bags, luggage, and backpacks into the New York City subway system each day.

19. Admit the allegations set forth in paragraph "19" of the complaint, except deny so much of paragraph 19 as it may be construed to allege that the attempted terrorist attacks in London on July 21, 2005 was the sole basis for the implementation of the Inspection Program.

20. Deny the allegations set forth in paragraph "20" of the complaint and respectfully refer this Court to the text of their statements for the context and meaning thereof.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that searches have taken place at all of the 468 subway stations in the New York City subway system, and deny knowledge or information sufficient to form a belief as to the truth of the number of people who have had their bags searched.

23. Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the July 23, 2005 *New York Times* report.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that passengers seeking to enter the subway system are subject to inspection according to a numerical frequency.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that NYPD officers have searched bags of different sizes which could contain explosive devices.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Admit the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Admit the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint, except admit that the police will arrest a person if there is probable cause to do so.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Admit the allegations set forth in paragraph "39" of the complaint.

40. Admit the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

42. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

43. Defendants City of New York and Raymond Kelly have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

28.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

29.   Defendant Raymond Kelly has not violated an clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

- 7 -

**WHEREFORE**, defendants City of New York and Raymond Kelly request judgment dismissing the complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        August 30, 2005

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the
>                      City of New York
>                    Attorney for Defendants City of New York and
>                    Raymond Kelly
>                    100 Church Street
>                    New York, New York 10007
>
>
>                    By:  _____/s/_____
>                         Gail Donoghue (GD-8578)

To:  **Via ECF and First Class Mail**

Christopher Dunn, Esq.
Arthur Eisenberg, Esq.
Jeffrey Fogel, Esq.
Donna Lieberman, Esq.
Palyn Hung, Esq.
125 Broad Street, 17th Floor
New York, N.Y. 10004

| |
|---|
| Docket No. 05 Civ. 6921 (RMB)(FM) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| BRENDAN MacWADE, ANDREW SCHONEBAUM, JOSEPH GEHRING, JR, PARTHA BANERJEE, and NORMAN MURPHY,<br><br>Plaintiffs,<br><br>-against-<br><br>RAYMOND KELLY, Commissioner of the New York City Police Department, and THE CITY OF NEW YORK,<br><br>Defendants. |
| **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND RAYMOND KELLY** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York and Raymond Kelly*<br>*100 Church Street*<br>*New York, N.Y. 10007* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ........................... ,2005*<br><br>*................................................ Esq.*<br><br>*Attorney for ..........................................* |

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Gail Donoghue, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on August 30, 2005, I served the annexed Answer of Defendant City of New York by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Christopher Dunn, Esq.
> Arthur Eisenberg, Esq.
> Jeffrey Fogel, Esq.
> Donna Lieberman, Esq.
> Palyn Hung, Esq.
> 125 Broad Street, 17th Floor
> New York, N.Y. 10004

Dated: New York, New York
       August 30, 2005

                                                /s/
                                  Gail Donoghue (GD-8578)
                                  Assistant Corporation Counsel
                                  Special Federal Litigation Division